**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Robert Infantes : | |
|     Plaintiff, : | |
| v. : | |
| Arcuri's Pizza and Salad, Inc., : | |
| and James Arcuri : | February 13, 2017 |
|     Defendants : | |

**COMPLAINT**

**I.   INTRODUCTION**

1.   This is an action brought by the plaintiff, Robert Infantes, a restaurant worker, against the defendants, Arcuri's Pizza and Salad, Inc., and James Arcuri, arising from the defendants' failure to pay the plaintiff the minimum wage and overtime premium wage for his work.  The plaintiff alleges violations of the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207, and Connecticut law, Conn.Gen.Stat. §31-68 and §31-76c, and the wage payment provision of Connecticut law, Conn.Gen.Stat. §31-72. The plaintiff seeks double his unpaid wages pursuant to the FLSA and Connecticut law, and his reasonable attorney's fees and costs.

**II.   JURISDICTION AND VENUE**

2.   This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

## III. THE PARTIES

4. The plaintiff is Robert Infantes, a resident of Stamford, Connecticut. At all times relevant to this Complaint the plaintiff was an employee of the defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5. At all times relevant to this Complaint, the plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. §206(a) and 207(a)(1).

6. Defendant Arcuri's Pizza and Salad, Inc., is a Connecticut corporation with a place of business at 226 East Putnam Avenue, Cos Cob, Connecticut.

7. Defendant Arcuri's Pizza and Salad, Inc., has an Annual Business Volume (ABV) equal to or greater than $500,000.00.

8. Defendant James Arcuri is the president and owner of Arcuri's Pizza and Salad, Inc. Defendant James Arcuri resides at 101 Dartley Street, Stamford, Connecticut.

9. At all times relevant to this Complaint, the defendants were employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by Connecticut General Statutes §31-58(e) and 31-71a(1).

## IV. STATEMENT OF FACTS

10. The defendants employed the plaintiff from in or about September 2010, until in or about September 2015.

11. From in or about September 2010, until in or about July 2015, the defendants paid the plaintiff at the rate of $6.00 an hour.

12. In or about September 2010, the plaintiff worked for the defendants for about twenty (20) hours a week.

13. From in or about October 2010 until in or about December 2011, the plaintiff worked for the defendants for about thirty-six (36) hours a week.

14. From in or about January 2012 until the end of his employment in or about September 2015, the plaintiff worked for the defendants for about sixty (60) hours a week.

15. The defendants did not create or maintain records that accurately reflect the plaintiff's regular and overtime hours worked, or the sums paid to the plaintiff for wages, until in or about July 2015.

16. The defendants did not begin paying the plaintiff overtime when he worked more than forty hours in a one week period until in or about July 2015.

17. During the plaintiff's employment by the defendants, Connecticut's minimum wage increased from $8.25 (January 1, 2010) to $8.70 (January 1, 2014) to $9.15 (January 1, 2015), and was at all times greater than the federal minimum wage.

18. During the plaintiff's employment by the defendants, the plaintiff incurred authorized expenses on behalf of the defendants, including driving to make deliveries for the defendants in his own automobile for an average of about 40 miles per day.

19. The defendants did not reimburse any of the plaintiff's expenses incurred on their behalf, thereby reducing the compensation paid to him.

20. During the plaintiff's employment, the defendants failed to post information regarding federal and Connecticut minimum wage, overtime, and wage payment laws.

21. In or about July 2015, the defendants were found by the Wage and Workplace Standards Division of the Connecticut Department of Labor to have violated state wage and hour laws, including by failing to pay minimum wage and overtime wages to their employees.

## IV. COUNT ONE: FLSA OVERTIME WAGE VIOLATIONS

1. The plaintiff restates and re-alleges paragraphs 1 through 21, above.

22. From in or about January 2012, until in or about July 2015, the defendants did not pay the plaintiff at the rate of one and one-half times the applicable minimum hourly wage for all hours worked in excess of forty hours in a one week period, in violation of the federal Fair Labor Standards Act, 29 U.S.C. §207.

23. The defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as the defendants were aware of their obligation to pay the plaintiff overtime for hours worked in excess of forty hours a week, and did not do so.

## V. COUNT TWO: CONNECTICUT MINIMUM WAGE VIOLATIONS

1. The plaintiff restates and re-alleges paragraphs 1 through 21, above.

22. From in or about September 2010 to in or about July 2015, the defendants paid the plaintiff at less than the Connecticut minimum wage.

23. Compounding the defendants' failure to pay at the appropriate minimum wage rate, the defendants further decreased the plaintiff's compensation by failing to compensate him for expenses incurred on their behalf, including driving to make deliveries for the defendants in his own automobile for an average of about 40 miles per day.

## VI. COUNT THREE: CONNECTICUT OVERTIME WAGE VIOLATIONS

1. The plaintiff restates and re-alleges paragraphs 1 through 21, above.

22. The defendants did not pay the plaintiff at the rate of one and one-half times the applicable minimum hourly wage for all hours worked in excess of forty hours in a one week period, in violation of Connecticut overtime laws, including Conn.Gen.Stat. §31-68 and §31-76c, and Connecticut's wage payment law, Conn.Gen.Stat. §31-72.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff requests that this Court:

1. Order the defendants to pay to the plaintiff all wages owed, consistent with the federal and Connecticut overtime and wage payment laws;

2. Award the plaintiff liquidated or double damages for all wages owed pursuant to 29 U.S.C. §216(b);

3. Award the plaintiff double damages pursuant to Conn.Gen.Stat. §31-68 and §31-72;

4. Award the plaintiff his reasonable attorney's fees and costs;

4. Award the plaintiff prejudgment and post-judgment interest.

5. Award the plaintiff such other legal and equitable relief that the Court deems appropriate.

RESPECTFULLY SUBMITTED
FOR THE PLAINTIFF

_/ s /_ *Peter Goselin*
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-232-7818
pdgoselin@gmail.com